**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: HYUNDAI AND KIA GDI ENGINE MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **MDL DOCKET NO. 2898** |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER AND COORDINATION PURSUANT TO 28 U.S.C § 1407**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

Table of Authorities .................................................................................................... ii

Citations and Abbreviations......................................................................................... iv

PRELIMINARY STATEMENT ..................................................................................1

BACKGROUND .........................................................................................................2

ARGUMENT ..............................................................................................................10

I. THE PENDING CLASS SETTLEMENT RENDERS CENTRALIZATION
 UNNECESSARY ..............................................................................................11

II. CENTRALIZATION IS NOT NECESSARY BECAUSE INFORMAL
 COOPERATION BETWEEN THE PARTIES WILL REALIZE THE SAME
 EFFICIENCIES AS AN MDL..........................................................................13

CONCLUSION...........................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Adams et al. v. Kia Motors Corporation et al.*,
    Case No. 6:19-cv-00250-CEM-LRH (M.D. Fla.)........................................ 6, 8, 9, 12

*In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*,
    804 F. Supp. 2d 1376 (J.P.M.L. 2011).................................................. 14

*Brogan et al. v. Hyundai Motor America, Inc. et al.*,
    Case No. 8:18-cv-00622-JLS-JDE (C.D. Cal.)
    f/k/a *Brogan et al. v. Hyundai Motor America, Inc. et al.*,
    Case No. 7:18-cv-00525 (S.D.N.Y.).................................................. 2, 3, 4, 7

*Chieco et al. v. Hyundai Motor America et al.*,
    Case No. 8:19-cv-00854-AG-ADS (C.D. Cal.)
    f/k/a *Chieco et al. v. Hyundai Motor America et al.*,
    Case No. 3:18-cv-16215-MAS-DEA (D.N.J.) ........................................ 5, 7, 8, 9

*Coats et al. v. Hyundai Motor Company et al.*,
    Case No. 8:17-cv-02208-JLS-JDE (C.D. Cal.)...................................... 2, 3, 4, 7

*In re Comcast Corp.*,
    190 F. Supp. 3d 1344 (J.P.M.L. 2016)............................................... 10, 13

*In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*,
    446 F. Supp. 242 (J.P.M.L. 1978).................................................... 13

*Flaherty et al. v. Hyundai Motor Company et al.*,
    Case No. 8:18-cv-02223-JLS-JDE (C.D. Cal.)................................. 1, 5, 6, 7, 9, 10, 11

*In re Hyundai and Kia Engine Litigation*,
    Case No. 8:17-cv-00838-JLS-JDE (C.D. Cal.)
    f/k/a *Centko et al. v. Kia Motors America, et al.*,
    Case No. 8:17-cv-00838-JLS-JDE (C.D. Cal.)............................. 1, 2, 3, 4, 5, 7, 9, 10, 11, 12

*In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.*,
    959 F. Supp. 2d 1372 (J.P.M.L. 2013)............................................... 11

*Mendoza et al. v. Hyundai Motor Company Ltd., et al.*,
    Case No. 15-cv-01685-BLF (N.D. Cal.).............................................. 4

*In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig.*,
    38 F. Supp. 3d 1380 (J.P.M.L. 2014)................................................ 13

*Musgrave et al. v. Hyundai Motor America, Inc. et al.*,
    Case No. 4:18-cv-07313-YGR (N.D. Cal.)....................................... 1, 2, 5, 7, 8, 9, 12

*In re: Power Balance, LLC, Marketing and Sales Practices Litig.*,
    777 F. Supp. 2d 1345 (J.P.M.L. 2011)............................................... 11

*Rexroad et al. v. Hyundai Motor Company et al.*,
    Case No. 4:19-cv-01461 (N.D. Cal.).................................................. 7, 8

*Short et al. v. Hyundai Motor America, Inc. et al.*,
    Case No. 2:19-cv-00318-JLR (W.D. Wash.)....................................... 6, 7, 8, 9

*Stanczak et al. v. Kia Motors America, Inc. et al.*,
    Case No. 8:17-cv-01365-JLS-JDE (C.D. Cal.)..................................... 2, 3, 4, 7

*Smolek et al. v. Hyundai Motor America, Inc. et al.*,
   Case No. 2:18-cv-05255-JLS-JDE (C.D. Cal.)
   f/k/a *Smolek et al. v. Hyundai Motor America, Inc. et al.*,
   Case No. 2:18-cv-05255 (N.D. Ill.) ............................................................... 2, 3, 4, 7

*In re Transocean Ltd. Sec. Litig.*,
   753 F. Supp. 2d 1373 (J.P.M.L.2010) ................................................................ 13

*In re Truck Accident Near Alamagordo*,
   387 F. Supp. 732 (J.P.M.L. 1975) ..................................................................... 10

*Wallis et al. v. Kia Motors America, Inc*,
   Case No. 8:16-cv-1033-AG-DFM (C.D. Cal.) ..................................................... 4

*In re Wells Fargo Fraudulent Account Opening Litig.*,
   282 F. Supp. 3d 1360 (J.P.M.L. 2017) ......................................................... 11, 12

**Statutory Authorities**

28 U.S.C. 1404 ................................................................................................ 1, 13, 14

28 U.S.C. 1407(a) ................................................................................................... 10

## Citations and Abbreviations

| Citations | Abbreviations |
|---|---|
| *In re Hyundai and Kia Engine Litigation*, Case No. 8:17-cv-00838-JLS-JDE (C.D. Cal.) f/k/a *Centko et al. v. Kia Motors America, et al.,* Case No. 8:17-cv-00838-JLS-JDE (C.D. Cal.) | *In re Hyundai and Kia*; or *Centko* |
| *Coats et al. v Hyundai Motor Company et al.*, Case No. 8:17-cv-02208-JLS-JDE (C.D. Cal.) | *Coats* |
| *Stanczak et al. v. Kia Motors America, Inc. et al.*, Case No. 8:17-cv-01365-JLS-JDE (C.D. Cal.) | *Stanczak* |
| *Brogan et al. v. Hyundai Motor America, Inc. et al.*, Case No. 8:18-cv-00622-JLS-JDE (C.D. Cal.) f/k/a *Brogan et al. v. Hyundai Motor America, Inc. et al.*, Case No. 7:18-cv-00525 (S.D.N.Y.) | *Brogan* |
| *Smolek et al. v. Hyundai Motor America, Inc. et al.*, Case No. 2:18-cv-05255-JLS-JDE (C.D. Cal.) f/k/a *Smolek et al. v. Hyundai Motor America, Inc. et al.*, Case No. 2:18-cv-05255 (N.D. Ill.) | *Smolek* |
| *Flaherty et al. v. Hyundai Motor Company et al.*, Case No. 8:18-cv-02223-JLS-JDE (C.D. Cal.) | *Flaherty* |
| *Musgrave et al. v. Hyundai Motor America, Inc. et al.*, Case No. 4:18-cv-07313-YGR (N.D. Cal.) | *Musgrave* |
| *Chieco et al. v. Hyundai Motor America et al.*, Case No. 8:19-cv-00854-AG-ADS (C.D. Cal.) f/k/a *Chieco et al. v. Hyundai Motor America et al.*, Case No. 3:18-cv-16215-MAS-DEA (D.N.J.) | *Chieco* |
| *Adams et al. v. Kia Motors Corporation et al.*, Case No. 6:19-cv-00250-CEM-LRH (M.D. Fla.) | *Adams* |
| *Short et al. v. Hyundai Motor America, Inc. et al.*, Case No. 2:19-cv-00318-JLR (W.D. Wash.) | *Short* |

| *Snider et al. v. Hyundai Motor America, Inc. et al.*, Case No. 2:19-cv-00371 (W.D. Wash.)[1] | *Snider* |
|---|---|
| *Rexroad et al. v. Hyundai Motor Company et al.*, Case No. 4:19-cv-01461 (N.D. Cal.)[2] | *Rexroad* |
| Hyundai Motor America | HMA |
| Hyundai Motor Company | HMC |
| Kia Motors America | KMA |
| Kia Motors Corporation | KMC |
| *In Re: Hyundai And Kia GDI Engine Marketing, Sales Practices, And Products Liability Litigation*, MDL NO. 2898 (JPML) docket references | JPML ECF No. |
| Declaration of Shon Morgan | Morgan Decl. |

---

[1]   This action was not included in plaintiffs' Schedule of Actions (JPML ECF No. 18), but since plaintiffs' filing of their Motion for Transfer and Coordination or Consolidation, this action has been consolidated into the *Short* action.

[2]   This action is not on plaintiffs' Schedule of Actions (JPML ECF No. 18), although it bears as much similarity to the other actions listed on the Schedule of Actions.  *See* JPML ECF No. 27.

Defendants KMA, KMC, HMA, and HMC respectfully submit this joint response in opposition to the motion to transfer by the *Musgrave* plaintiffs.

## PRELIMINARY STATEMENT

A MDL proceeding is not warranted here because it would not result in substantial additional efficiencies given the history and trajectory of the cases. The parties to the various actions are continuing their largely successful efforts at self-ordering; a near-global settlement appears imminent; and any claims that remain following that settlement will be factually disparate.

Specifically, the parties in the *In re Hyundai and Kia* and *Flaherty* actions anticipate seeking preliminary approval of a nationwide class settlement within the next 30-60 days. They expect this settlement will be supported by additional parties in the related actions. The settlement results from nearly two years of negotiations and will resolve many of the claims asserted in the subject actions. Given that a settlement addressing a substantial portion of these claims appears near, coordination in a MDL proceeding would unnecessarily divert resources and delay resolution of those actions.

Nor does this litigation present the unique coordination challenges for which MDL centralization is reserved. For the past two years, national counsel for defendants and plaintiffs' counsel in the various actions have cooperatively and successfully coordinated the cases filed in each federal judicial district. To the extent the pending settlement does not resolve all aspects of the subject cases, what remains of the actions can be managed through continued informal cooperation and/or Section 1404 transfer. Marginal, if any, practical benefit would thus result from MDL centralization.

## BACKGROUND

**Initial Cases Filed Alleging Engine Seizures.**  The *Musgrave* plaintiffs seek to centralize 10 class actions[3] filed in four federal jurisdictions against defendants HMA, HMC, KMA and KMC (collectively "defendants").  The first five actions filed—*Centko, Coats, Stanczak, Brogan,* and *Smolek*—have already been consolidated before Judge Josephine Staton in the Central District of California under the caption *In re Hyundai and Kia*.  The consolidated action alleges violations of various state and federal laws on behalf of owners and lessees of certain models of Hyundai and Kia vehicles manufactured with Theta 2.0-liter and 2.4-liter engines.  Those plaintiffs contend a purported manufacturing defect restricts oil flow throughout the connecting rod bearings to other parts of the engine, which can result in stalling and eventually engine failure.

The first case, *Centko*, was filed more than two years ago, on May 10, 2017, against KMA in the Central District of California on behalf of a nationwide class of current and former owners and lessees of certain Kia vehicles equipped with the Theta 2.0-liter and 2.4-liter gasoline direct injection engines. *Centko,* Case No. 8:17-cv-00838 (C.D. Cal.), ECF No. 1.[4]  On August 8, 2017, a similar action, *Stanczak,* was filed against KMA in the Central District of California.

---

[3]   The Schedule of Actions identifies 10 class actions as being subject to the transfer motion.  *See* JPML ECF No. 18-1.  However, five of the actions (*Centko*, *Stanczak*, *Coats*, *Brogan*, and *Smolek*) have been consolidated for all purposes under the caption *In re Hyundai and Kia*.  A sixth action, *Chieco*, was recently transferred to the Central District of California and the parties have stipulated that it will likely be consolidated with *In re Hyundai and Kia*. *Chieco*, 8:19-cv-00854 (C.D. Cal.), ECF No. 21.

[4]   A copy of the *Centko* docket, now the *In re: Hyundai and Kia* docket, and the Amended Consolidated Class Action Complaint can be found at JPML ECF No. 2-6.

*Stanczak*, Case No. 8:17-cv-01365 (C.D. Cal.), ECF No. 1.[5]  *Centko* and *Stanczak* were

subsequently consolidated on October 2, 2017, for all purposes because they involved common

issues of law and fact.  *In re: Hyundai and Kia*, Case No. 8:17-cv-00838 (C.D. Cal.), ECF No.

53; *see also* JPML ECF No. 2-6.

On December 19, 2017, the third action, *Coats,* was filed against HMC and HMA in the

Central District of California on behalf of a nationwide class of current and formers owners and

lessees of certain Hyundai vehicles equipped with the Theta 2.0-liter and 2.4-liter gasoline direct

injection engines.  *Coats*, Case No. 8:17-cv-02208 (C.D. Cal.), ECF No. 1.[6]  On January 23,

2018, a similar action, *Brogan*, was filed in the Southern District of New York against HMC,

HMA, KMA, and KMC.  *Brogan*, Case No. 7:18-cv-00525 (S.D.N.Y.), ECF No. 6.[7]  On April

16, 2018, another action, *Smolek*, was filed in the Northern District of Illinois against HMA and

KMA.  *Smolek*, Case No. 2:18-cv-05255 (N.D. Ill.), ECF No. 1.[8]

**Coordination Amongst the Parties.**  In April and May 2018, the parties in *Brogan* and

*Smolek* stipulated to transfer to the Central District of California for coordination before Judge

Josephine L. Staton, who was presiding over the existing actions.  *Brogan,* Case No. 7:18-cv-

00525, ECF No. 31; *Smolek*, Case No. 2:18-cv-05255, ECF No. 7; *see also* JPML ECF Nos. 2-4,

2-12.  In June 2018, plaintiffs' counsel in *Centko, Stanczak, Coats, Brogan,* and *Smolek*

stipulated to a leadership structure for the five actions, consisting of Matthew D. Schelkopf and

---

[5]  A copy of the *Stanczak* docket and the *Stanczak* Complaint can be found at JPML ECF No. 2-13.

[6]  A copy of the *Coats* docket and the Consolidated Class Action Complaint can be found at JPML ECF No. 2-8.

[7]  A copy of the *Brogan* docket and the *Brogan* Complaint can be found at JPML ECF No. 2-4.

[8]  A copy of the *Smolek* docket and the *Smolek* Complaint can be found at JPML ECF No. 2-12.

Adam Gonnelli as Co-Lead Interim Class Counsel and Bonner Walsh to serve as the executive committee, which Judge Staton granted. *In re Hyundai and Kia,* Case No. 8-17-cv-000838, ECF Nos. 79-80; *see also* JPML ECF No. 2-6. In August 2018, Judge Staton granted the parties' stipulation to consolidate *Centko, Stanczak, Coats, Brogan,* and *Smolek* into a single action captioned *In re: Hyundai and Kia*. *Id.,* ECF No. 85.

    **Settlement Discussions.** Settlement discussions began shortly after the initial actions, *Stanczak* and *Coats*, were filed. Morgan Decl. ¶ 2. The allegations were similar to those in class actions involving earlier models of Hyundai and Kia vehicles brought by the same plaintiffs' counsel, and that had been previously settled. *Id.*; *see also Mendoza et al. v. Hyundai Motor Company Ltd., et al.*, Case No. 15-cv-01685-BLF (N.D. Cal.), ECF No. 57-2 (alleging connecting rod lubrication issues in 2011, 2012, 2013, and 2014 model year Hyundai Sonata vehicles)*; Wallis et al. v. Kia Motors America, Inc. et al.*, Case No. 8:16-cv-1033-AG-DFM (C.D. Cal.), ECF Nos. 1, 23 (alleging connecting rod lubrication issues in model year 2011-2014 Kia Optima, 2011-2014 Kia Sportage, and 2012-2014 Kia Sorento vehicles). Thus, counsel in *Stanczak* and *Coats* were well-versed in the issues and could engage in meaningful and informed settlement negotiations from the outset. Morgan Decl. ¶ 2.

    These settlement discussions continued over the next year as additional cases were filed and consolidated. Morgan Decl. ¶ 3. The settlement efforts included mediation on December 21, 2018, before the Honorable Ronald M. Sabraw (Ret.) at JAMS in San Jose, California, at which the parties reached an agreement-in-principle reflected in a signed settlement term sheet. *In re Hyundai and Kia*, Case No. 8:17-cv-00838, ECF No. 102; Morgan Decl. ¶ 3. The parties notified Judge Staton that they intended to finalize an agreement after conducting a period of confirmatory discovery. *Id.*, ECF No. 104.

**New Actions Filed.**  Following consolidation of the actions in *In re Hyundai and Kia*, five new actions were filed in various district courts.  Some of the new actions are very similar to the consolidated action, while some allege slightly different defect theories or involve different Hyundai and Kia models:[9]

- On November 16, 2018, the *Chieco* action was filed in the District of New Jersey against KMA and HMC.  *Chieco*, Case No. 3:18-cv-16215, ECF No. 1.[10]  Like the consolidated action, it alleges purported lubrication defects can cause engine failures, and also alleges vehicle fires can result.  *Id.,* ECF No. 16 ¶ 1-4.

- On December 3, 2018, the *Musgrave* action was filed in the Northern District of California, alleging purported defects such as sudden fuel leaks and electrical shortages, which result in spontaneous vehicle-fires.  *Musgrave,* Case No. 4:18-cv-07313 (N.D. Cal.), ECF No. 1.[11]  Plaintiffs allege that defendants failed to ensure the use of new parts every time a component of a GDI engine is removed.  *Id.,* ECF No. 12 ¶ 4.  They claim that re-use of certain parts makes the engine susceptible to a sudden fuel leak, which can result in fire.  *Id.*  Separately, plaintiffs also allege that the vehicles contain a wiring defect susceptible to electrical shortage, which can melt parts of the vehicle and lead to an electrical fire.  *Id.* ¶ 55.

- On December 14, 2018, the *Flaherty* action was filed in the Central District of California against defendants, alleging engine defects that ultimately result in engine failure and

---

[9]   Complaint references in this brief are to the most recent complaint filed in each action.

[10]   A copy of the *Chieco* docket and the *Chieco* Second Amended Complaint can be found at JPML ECF No. 2-7.

[11]   A copy of the *Musgrave* docket and the *Musgrave* First Amended Complaint can be found at JPML ECF No. 2-10.

vehicle fires. *Flaherty*, Case No. 8:18-cv-02223 (C.D. Cal.),  ECF No. 1.[12]  Plaintiffs
allege that the vehicle engines contain a lubrication defect resulting in restricted oil flow
to parts of the engine, which results in leaking of hot oil and the vehicles catching fire as
a result. *Id.* ¶ 5.

- On February 7, 2019, the *Adams* action was filed in the Middle District of Florida against
  defendants on behalf of a slightly different class of "[a]ll persons or entities who entered
  into a lease or purchased the Class Vehicles and had the recall repairs performed on"
  purported engine defects resulting in vehicles catching fire.  *Adams*, Case No. 6:19-cv-
  00250 (M.D. Fla.), ECF No. 1.[13]  Plaintiffs allege that class vehicles contain engines with
  a design defect causing contamination resulting in engine stalling or spontaneous
  combustion.  *Id.* ¶ 5.  Plaintiffs further allege that defendants failed to fix the vehicles
  when class members brought the vehicles in for repairs.  *Id.* ¶ 7.

- On March 4, 2019, the *Short* action was filed in the Western District of Washington
  against defendants, alleging purported engine defects that can result in engine failure and
  fires.[14]  *Short*, Case No. 2:19-cv-00318 (W.D. Wash.), ECF No. 1.[15]  In addition to
  alleging the lubrication defect at issue in the consolidated complaint, these plaintiffs

---

[12]   A copy of the *Flaherty* docket and the *Flaherty* Complaint can be found at JPML ECF
No. 1-7.

[13]   A copy of the *Adams* docket and the *Adams* Complaint can be found at JPML ECF
No. 2-3.

[14]   A similar action filed by the same counsel was filed in the Western District of
Washington—*Snider*, Case No. 2:19-cv-00371 (W.D. Wash.)—but it has subsequently been
consolidated with the *Short* case.  *See Short*, Case No. 2:19-cv-00318, ECF No. 25.  A
consolidated complaint was filed on April 29, 2019.  *Id.*, ECF No. 23.

[15]   A copy of the *Short* docket and the *Short* Complaint can be found at JPML ECF No.
2-11.

allege two additional defect theories: (1) overheating of the catalytic converter resulting in leaking of oil onto hot engine parts; and (2) improperly sealed oil pans resulting in leaking. *Short,* ECF No. 23 ¶¶ 27-39.

- On March 20, 2019, *Rexroad*, Case No. 4:19-cv-01461 (N.D. Cal.), was filed in the Northern District of California, alleging purported defects in engines restricting oil flow causing engine parts to break and oil to leak, leading to engine failure and engine fire. *Rexroad,* Case No. 4:19-cv-01461, ECF No. 1 ¶ 2; *see also* JPML ECF No. 27-3.[16]

The newly filed actions share some similarities but there are also differences compared to the originally filed actions that were consolidated in *In re Hyundai and Kia*. Contrary to the contention of the *Musgrave* plaintiffs, most of the cases do not involve allegations that defendants improperly *repaired* certain vehicles. In addition, the class vehicles alleged in each action differ, as do the types of engines manufactured for each class vehicle. These differences are reflected in the charts below:

**Vehicles At Issue**

| Action | Class Vehicles Alleged |
|--------|------------------------|
| *In re Hyundai and Kia* (consolidating *Centko*, *Smolek*, *Brogan*, *Stanczak*, and *Coats*) | 2011-2016 Kia Optima; 2011-2016 Kia Sorento; 2011-2016 Kia Sportage; 2015-2016 Hyundai Santa Fe; 2015-2016 Hyundai Sonata; 2015-2016 Hyundai Tucson. |
| *Flaherty* | 2011-2019 Kia Optima, 2012-2019 Kia Sorento, 2012-2019 Kia Soul; 2011-2019 Kia Sportage; 2012-2019 Kia Rio; 2011-2019 Hyundai Sonata; 2013-2019 Hyundai Santa Fe; 2013-2019 Hyundai Santa Fe Sport; 2014-2019 Hyundai Tucson. |

---

[16] The *Musgrave* plaintiffs, and movants for the motion to transfer in this Court, did not include the *Rexroad* action on their Schedule of Actions, although it bears as much similarity to the other actions listed on the Schedule of Actions. *Rexroad* counsel has since filed a Notice of Related Action in this proceeding. *See* JPML ECF No. 27.

| | |
|---|---|
| *Chieco* | 2011-2014 Kia Optima; 2011-2014 Kia Sorento; 2011-2014 Kia Soul; 2011-2013 Kia Sportage; 2011-2014 Hyundai Santa Fe. |
| *Musgrave* | 2011-2014 Kia Optima; 2011-2014 Kia Sorento; 2010-2015 Kia Soul; 2011-2014 Hyundai Santa Fe; 2011-2014 Hyundai Santa Fe Sport; 2011-2014 Hyundai Sonata; 2011-2014 Hyundai Sonata Hybrid. |
| *Adams* | 2011-2019 Kia Optima; 2012-2019 Kia Sorento; 2012-2019 Kia Soul; 2011-2019 Kia Sportage; 2013-2019 Hyundai Santa Fe; 2013-2019 Hyundai Santa Fe Sport; 2011-2019 Hyundai Sonata. |
| *Short* | 2012-2016 Kia Soul; 2011-2013 Hyundai Tucson |
| *Rexroad* | 2011-2019 Kia Optima; 2011-2019 Kia Sorento; 2010-2019 Kia Soul; 2011-2019 Kia Sportage; 2013-2019 Hyundai Santa Fe; 2013-2019 Hyundai Santa Fe Sport; 2011-2019 Hyundai Sonata. |

Assuming the settlement is approved, the remaining vehicles at issue involve little overlap in terms of models and model years; implicate engine families that have different designs, testing, manufacturing, and failure rates; and that allege differing defect theories. For example, the settlement includes only models that have so-called "Theta II" engines, but other actions—*e.g., Chieco, Musgrave, Adams, Short, Rexroad*—involve models like the 2014-2019 Kia Sorento and the 2010-19 Kia Soul that use engines from the "Gamma" or "Nu" families. *See, e.g., Musgrave,* Case No. 4:18-cv-07313, ECF No. 12 ¶ 45-48; *see also* JPML ECF No. 2-10. As another example, both the *Musgrave* and *Short* actions include model years that will not be included in the proposed settlement, but whereas *Musgrave* alleges ineffective repairs to the fuel injection system, *Short* is based on allegedly defective catalytic converters, oil pans, and the lubrication system.

**The Parties Continue Coordination Efforts As Appropriate for the Newly Filed**

**Actions.**  For each newly filed action, the parties have conferred regarding transfer, coordination and/or consolidation as appropriate with the understanding that the consolidated action has a settlement pending.  The parties have made efforts toward conserving judicial resources while discussing the potential for a settlement that includes the newly filed actions:

- In *Flaherty*, plaintiffs filed a Notice of Related Cases (Case No. 8:18-cv-02223, ECF No. 5), which resulted in assignment of the action to Judge Staton (*see* JPML ECF No. 1-7);

- In *Chieco*, the plaintiffs have reviewed the settlement term sheet and the parties stipulated to transfer to the Central District of California for consolidation with *In re Hyundai and Kia* (Case No. 8:19-cv-00854, ECF Nos. 20-21);

- The *Short* action was consolidated with a similar action, *Snider*, via stipulation.  *Short,* Case No. 2:19-cv-00318, ECF No. 25.  Defendants initiated discussion with plaintiffs in the consolidated *Short* action regarding a potential voluntary transfer to the Central District of California.  The parties agreed to defer further discussion until after plaintiffs filed a consolidated complaint (Morgan Decl. ¶ 6);

- In *Musgrave*, the parties discussed the potential of voluntary transfer and consolidation in the Central District of California, and plaintiffs' counsel had an opportunity to review the settlement term sheet from *In re Hyundai and Kia*, although no agreement was reached (Morgan Decl. ¶ 7); and

-  In *Adams*, the parties discussed the potential of voluntary transfer and consolidation, but plaintiffs' counsel indicated a desire to view the settlement in principle before agreeing to transfer; no agreement has been reached yet (Morgan Decl. ¶ 8).

The *Flaherty* plaintiffs have been actively involved in settlement negotiations and have requested certain modifications to the settlement term sheet agreed to between defendants and counsel in *In re Hyundai and Kia.*  Morgan Decl. ¶ 9.  The parties now appear very close to agreement on a comprehensive settlement that would involve both actions.  *Id.*  The parties in *In re Hyundai and Kia* and *Flaherty* are completing confirmatory discovery and expect to move for preliminary settlement approval before Judge Staton in the next 30-60 days.  *Id.*

## ARGUMENT

As one commentator noted, "the crucial issue in determining whether to order MDL treatment is not whether there are common questions or whether the parties will be inconvenienced, but whether the economies of transfer outweigh the resulting inconvenience to the parties."  WRIGHT, FED. PRAC. AND PROC. § 3863 (internal quotations omitted).  Factual overlap alone "seldom is sufficient, by itself, to justify granting the motion to transfer."  *Id.; see also In re Comcast Corp.*, 190 F. Supp. 3d 1344, 1345 (J.P.M.L. 2016) ("Despite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases."); *In re Truck Accident Near Alamagordo*, 387 F. Supp. 732, 733 (J.P.M.L. 1975) ("[T]he existence of common, if not identical, questions of fact . . . is not sufficient, in and of itself, to warrant transfer by the Panel.").

Here, there are undoubtedly some similarities among the various actions.  *See* JPML ECF No. 18-1.  Consolidation, however, is not warranted in light of the procedural posture of the cases and the parties' demonstrated record of productive self-ordering to conserve judicial resources.

10

I.   **THE PENDING CLASS SETTLEMENT RENDERS CENTRALIZATION UNNECESSARY**

For nearly two years, the parties to *In re Hyundai and Kia,* more recently joined by the *Flaherty* plaintiffs, have been negotiating a nationwide resolution that will encompass most vehicles at issue in these actions.  The parties anticipate seeking preliminary approval of the settlement in a matter of weeks.  Therefore, centralization of these matters at this time will not promote the "just and efficient conduct" of these actions.  28 U.S.C. § 1407(a).

The Panel often deems centralization inappropriate when there is a pending class settlement.  In *In re Wells Fargo Fraudulent Account Opening Litig.*, 282 F. Supp. 3d 1360 (J.P.M.L. 2017), for example, the Panel declined centralization, despite similar factual allegations among the cases, when the parties in one action had "recently reached a nationwide class settlement in principle, a motion for preliminary approval of their proposed settlement is due in less than a month, and a hearing on the motion is set to take place in less than two months."  282 F. Supp. 3d at 1361.  In those circumstances, the Panel reasoned that centralization would only "delay a class-wide settlement with little or no benefit to the parties and putative class members."  *Id.*; *see also In re: JPMorgan Chase Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.*, 959 F. Supp. 2d 1372, 1373 (J.P.M.L. 2013) (denying MDL transfer motion because centralization could delay settlement proceedings and result in additional expense for the litigants and courts); *In re: Power Balance, LLC, Marketing and Sales Practices Litig.*, 777 F. Supp. 2d 1345, 1346 (J.P.M.L. 2011) ("Although these fifteen actions involve common questions of fact . . . we find that centralization at this time will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation" in light of the pending motion for preliminary approval of a nationwide class settlement).

11

For similar reasons, centralization would not be warranted here. The proposed settlement is the result of extensive, mediated negotiations among defendants, interim class counsel in *In re Hyundai and Kia*, and *Flaherty* counsel. The settlement is a fair resolution that encompasses most of the vehicle models at issue and that, if approved, will result in the certification of a nationwide class. Centralization in this posture would only delay relief to the proposed class and burden the litigants with more expense. *See In re: Power Balance, LLC*, 777 F. Supp. 2d at 1346 (denying transfer motion because if a court "preliminarily approves the settlement, these cases are likely on the path to resolution.").

Movants contend centralization "is necessary to protect the interests of class members," alleging that the settlement will "extinguish the claims of putative class members in the fire-related cases . . . ." JPML ECF No. 1-1 at 9. This ignores that any settlement must first be reviewed by Judge Staton, who will ensure it fairly protects the interests of all class members. Moreover, absent class members—including the movants here—will have opportunity to object to the settlement.[17] Centralization would provide no additional protection to putative class members. *In re Wells Fargo Fraudulent Account Opening Litig.*, 282 F. Supp. 3d at 1361 (J.P.M.L. 2017) (centralization unwarranted in part, because "interested parties will have the opportunity to object to or otherwise raise issues as to the adequacy of the proposed settlement").

To the extent the settlement does not resolve claims relating to all vehicle models in the subject actions, what remains will be smaller, disparate portions of the non-settled cases that involve differing model years and liability theories. The *Musgrave* plaintiffs, for example, allege a "fire defect" caused by inadequate engine repairs, while the *Adams* plaintiffs contend the

---

[17]   Indeed, the *Musgrave* plaintiffs were presented with the settlement term sheet and their input was solicited. Movant's counsel declined to comment and instead filed this motion to transfer.

engine *design* results in engine stalling or spontaneous combustion.  *See also* ECF No. 1-1 at 2

(stating that *In re Hyundai and Kia* is limited to cars equipped with Theta II GDI engines

whereas the defect alleged by *Musgrave* extends to vehicles equipped with other GDI engines).

These cases would not necessarily share common discovery, class certification proceedings, or

dispositive motion briefing.  Thus the purposes of creating an MDL proceeding would not be

served.

## II. CENTRALIZATION IS NOT NECESSARY BECAUSE INFORMAL COOPERATION BETWEEN THE PARTIES WILL REALIZE THE SAME EFFICIENCIES AS AN MDL

Any coordination that *would* aid efficient resolution of the subject actions can be

achieved without transfer to an MDL.  The Panel's "past decisions make clear that centralization

under Section 1407 should be the last solution after considered review of all other options."  *In*

*re Comcast Corp.*, 190 F. Supp. 3d at 1345 (internal quotation marks and citations omitted).

Such alternatives include transfer pursuant to 28 U.S.C. § 1404 and voluntary cooperation among

the parties and courts to avoid duplicative discovery or inconsistent pretrial rulings.  *Id.; see also*

*In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig.*, 38 F. Supp. 3d 1380, 1381

(J.P.M.L. 2014) ("[I]nformal cooperation among the involved attorneys is both practicable and

preferable to centralization."); *In re Transocean Ltd. Sec. Litig.,* 753 F. Supp. 2d 1373, 1374

(J.P.M.L.2010) ("As we have stated in the past, where only a minimal number of actions are

involved, the moving party generally bears a heavier burden of demonstrating the need for

centralization.").  Voluntary cooperation is especially practicable where there are a limited

number of actions filed against the same defendants who are represented by national counsel that

is coordinating its response to the litigation.  *Mirena*, 2014 WL 4049821, at *1.

13

The litigation here consists of a modest number of actions—many of which have already been consolidated in the Central District of California—against common defendants.  Movants have not demonstrated why the factual questions common to each of these actions are sufficiently complex to justify an MDL.  *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 243–44 (J.P.M.L. 1978) (denying transfer because plaintiffs had not demonstrated that the "common factual questions are sufficiently complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407").

Moreover, counsel for the parties in the subject proceedings have already demonstrated cooperation, professionalism, and a fair degree of success and orderly coordination of the proceedings.  It is anticipated those interactions will continue to minimize the risk of duplicative discovery and inconsistent rulings.  To the extent the proposed settlement does not resolve all claims, counsel should be able to cooperate and coordinate any remaining common discovery without creation of an MDL.  If the parties determine that some of the actions should be transferred to Judge Staton for coordination, a transfer pursuant to section 1404 would be more efficient because "such a transfer is for all purposes and not, as is the case with centralization under Section 1407, for pretrial purposes only."  *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options.").

## CONCLUSION

For the foregoing reasons, the motion to transfer should be denied, and the various parties should continue their largely successful efforts to coordinate and consolidate the actions as appropriate.

DATED:  May 15, 2019                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                            By       /s/ Shon Morgan
                                   Shon Morgan
                                   Attorney for Defendants




<u>**CERTIFICATE OF SERVICE**</u>

In compliance with Rule 4.1(a) of the Rules of Procedure of the United States Judicial

Panel on Multidistrict Litigation, I hereby certify that a copy of the foregoing Withdrawal of

Notice of Appearance was served on all parties electronically via ECF on this 15th day of May,

2019.


                                              /s/ Shon Morgan
                                              Shon Morgan